# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTHA FORD,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>KERN HIGH SCHOOL DISTRICT, et al.,<br><br>　　　　　Defendants. | Case No.  1:22-cv-00159-JLT-BAK<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE A FIRST AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Otha Ford ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's complaint, filed on February 7, 2022.  (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70

1 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis*
2 complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998)
3 (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to
4 screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii)
5 fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a
6 defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

7 In determining whether a complaint fails to state a claim, the Court uses the same
8 pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a
9 short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R.
10 Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the
11 elements of a cause of action, supported by mere conclusory statements, do not suffice."
12 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.
13 544, 555 (2007)).

14 In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and
15 accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89,
16 94 (2007). Although a court must accept as true all factual allegations contained in a complaint,
17 a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A]
18 complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops
19 short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting
20 Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for
21 the court to draw the reasonable conclusion that the defendant is liable for the misconduct
22 alleged. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

25 The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of
26 the *sua sponte* screening requirement under 28 U.S.C. § 1915.

27 Plaintiff names the following Defendants: (1) Kern High School District; (2) John Oliver,
28 identified as Director of the Kern High School; (3) Shannon Hawkins, identified as some form of

employee for the Kern High School District; (4) Allen Paradise, identified as a human resources employee; and (5) Alfonso Valdez, identified as an Assistant Director.  (Compl. 1-3,[1] ECF No. 1.)

Under basis of jurisdiction, Plaintiff checks the boxes for both diversity jurisdiction, and for federal question jurisdiction.  (Compl. 3.)  When asked to list the federal basis for jurisdiction, Plaintiff states: "TORT 9 years of medical negligence denied for my back injury [illegible] Systemic Discrimination at the work place . . . illegal motives d[ue] to a worker's comp claim they keep denying."  (Compl. 4 (capitalization altered).

Plaintiff only identifies Defendant Kern High School as a citizen of California.  (Compl. 4-5.)  Under amount in controversy for purposes of diversity jurisdiction, Plaintiff states she is asking for pain and suffering in the amount of $10,000,000, for the "verbal threats of been killed by Defendant Head Employees."  (Compl. 5.)

Under statement of claim, Plaintiff states: "Discrimination/Harassment/Prejudice," "Place of Employment for Kern High School District since 1/23/13 and has continued and still is going on 9/27/21."  (Compl. 5.)  Under requested relief, Plaintiff states: "Actual damages for Mental & Emotional Distress, Negligence claims, consequential damage and malice intentional harm pain and suffering, defamation of character, tort, sexual harassment, picture of monkeys."  (Compl. 6.)

Plaintiff attaches a picture as an exhibit that appears to be a box for a roll of tissue paper with a cartoon drawing of a monkey on it.  (Compl. 7.)  On the page, Plaintiff has written: "THE Monkey on my suppl[y] box!!!! . . . I am the only Black person there?? . . . Plus I got pictures of Human Feces on the Bathroom Wall."  (Compl. 7.)

/ / /

/ / /

/ / /

/ / /

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

## III.

## DISCUSSION

### A. Federal Rule of Civil Procedure 8

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Most of Plaintiff's allegations are vague and conclusory statements alleging some form of discrimination. As currently pled, Plaintiff's complaint does not contain enough factual details to permit the Court to draw the reasonable inference that any named Defendants are liable for any misconduct alleged. Iqbal, 556 U.S. at 678. Most significantly, after naming the individual Defendants, Plaintiff does not state any specific actions that any named Defendants took relating to the alleged discrimination or other misconduct. Plaintiff does not mention any of the individual Defendants again after naming them as Defendants.

For these reasons, Plaintiff's complaint does not comply with the requirements of Rule 8(a)(2). The Court will grant Plaintiff leave to file an amended complaint to allow Plaintiff to provide additional and specific factual details to the Court.

///

**B.     Legal Standards Pertaining to Discrimination**

Under Title VII, an employer is prohibited from discriminating against any individual because of the individual's race or color.  Cornwell v. Electra Cent. Credit Union, 439 F.3d 1019, 1028 (9th Cir. 2006).  To establish a prima facie case for Title VII discrimination, plaintiff must show the following: (1) they are a member of a protected class; (2) they were qualified for the position; (3) they suffered an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably.  Fonseca v. Sysco Food Services of Arizona, Inc., 374 F.3d 840, 847 (9th Cir. 2004).

Plaintiff's complaint contains insufficient facts and fails to state any cognizable claim.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's complaint fails to state a cognizable claim for relief.  The Court will grant Plaintiff an opportunity to amend her complaint to cure the above-identified deficiencies to the extent she is able to do so in good faith.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927.  Therefore, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.  Plaintiff's first amended complaint must be filed within thirty (30) days, and is subject to the twenty-five (25) page limit set forth above.

///

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order;

3. The first amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim</u>.

IT IS SO ORDERED.

Dated:   **February 11, 2022**

UNITED STATES MAGISTRATE JUDGE