# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTHA FORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KERN HIGH SCHOOL DISTRICT, et al.,<br><br>　　　　Defendants. | Case No. 1:22-cv-00159-JLT-BAK<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(ECF No. 6)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　Plaintiff Otha Ford ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On February 11, 2022, the Court screened Plaintiff's complaint and granted thirty (30) days to file an amended complaint. (ECF No. 5.) Currently before the Court is Plaintiff's first amended complaint, filed on March 16, 2022. (ECF No. 6.)

**I.**

**SCREENING REQUIREMENT**

　　　Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis*

1

proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names the following Defendants: (1) Allen Paradise, identified as a human

resources employee; (2) John Olivent, identified as Director of "M.O."; (3) Matt Despot, identified as a supervisor; and (4) Alfonso Valdez, identified as an assistant director. (Compl. 1-3,[1] ECF No. 6.)

Under basis of jurisdiction, Plaintiff checks the boxes for both diversity jurisdiction, and for federal question jurisdiction. (Compl. 3.) When asked to list the federal basis for jurisdiction, Plaintiff states: "TORT 9 years of medical negligence denied for my back injury [illegible] Systemic Discrimination at the work place . . . illegal motives d[ue] to a worker's comp claim they keep denying." (Compl. 4 (capitalization altered).

Plaintiff claims diversity and federal question jurisdiction. (Compl. 3.) Plaintiff identifies Kern High School as a citizen of California, but does not list any other Defendants' citizenship. (Compl. 4-5.) Under amount in controversy for purposes of diversity jurisdiction, Plaintiff states " 'Tort' discrimination/harassment/prejudice negligence emotional distress, malice intentional harm pain and suffering defamation 'monkey.' " (Compl. 5 (capitalization altered).)

Under statement of claim, Plaintiff states: "They had a head supervisor threating to kill me nothing was done. I reported it. They suspended me for 3 months. Then I hurt my back after they moved me from the site." (Compl. 5 (capitalization altered).)

Under relief, Plaintiff states "2015 I was moved to South High where I got my back injury. Nothing [illegible] they walked me off by the police?? I reported it to the union rep nothing was done. 9/29/21 hurt my leg denied my clam and back." (Compl. 6.)

## III.

## DISCUSSION

For the reasons discussed below, Plaintiff has failed to state a claim for a violation of her federal rights. Plaintiff shall be provided the opportunity to file an amended complaint to attempt to correct the deficiencies at issue.

///

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

A.     **Federal Rule of Civil Procedure 8**

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Most of Plaintiff's allegations are vague and conclusory statements alleging some form of discrimination or back/leg injury related to her work. As currently pled, Plaintiff's complaint does not contain enough factual details to permit the Court to draw the reasonable inference that any named Defendants are liable for any misconduct alleged. Iqbal, 556 U.S. at 678. Most significantly, after naming the individual Defendants, Plaintiff does not state any specific actions that any named Defendants took relating to the alleged discrimination or other misconduct. Plaintiff does not mention any of the individual Defendants again after naming them as Defendants.

For these reasons, Plaintiff's complaint does not comply with the requirements of Rule 8(a)(2). The Court will grant Plaintiff leave to file an amended complaint to allow Plaintiff to provide additional and specific factual details to the Court.

/ / /

/ / /

**B.     Diversity and Federal Question Jurisdiction**

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Plaintiff alleges both federal question jurisdiction, and diversity jurisdiction.

District courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted). Here, Plaintiff alleges that she is a citizen of California. (Compl. 4.) While Plaintiff does not name the Kern High School District as a Defendant, she states it is a citizen of California, and that each named Defendant's address is in California. Plaintiff has not sufficiently pled diversity jurisdiction.

Jurisdiction in this action must therefore be based on a federal question. Pursuant to 28 U. S. C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted).

1  As to federal question jurisdiction, Plaintiff has not sufficiently alleged facts against the
2  Defendants that would state a federal claim.

3     **C.    Legal Standards Pertaining to Federal Discrimination Law**

4  Under Title VII, an employer is prohibited from discriminating against any individual
5  because of the individual's race or color. Cornwell v. Electra Cent. Credit Union, 439 F.3d
6  1019, 1028 (9th Cir. 2006). To establish a prima facie case for Title VII discrimination, plaintiff
7  must show the following: (1) they are a member of a protected class; (2) they were qualified for
8  the position; (3) they suffered an adverse employment action; and (4) similarly situated
9  individuals outside her protected class were treated more favorably. Fonseca v. Sysco Food
10 Services of Arizona, Inc., 374 F.3d 840, 847 (9th Cir. 2004).

11 Plaintiff's complaint contains insufficient facts and fails to state any cognizable claim.

**IV.**

**CONCLUSION AND ORDER**

14 Based on the foregoing, Plaintiff's complaint fails to state a cognizable claim for relief.
15 The Court will grant Plaintiff an opportunity to amend her complaint to cure the above-identified
16 deficiencies to the extent she is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130
17 (9th Cir. 2000).

18 Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what
19 each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal,
20 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to
21 raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations
22 omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated
23 claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no
24 "buckshot" complaints).

25 Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey
26 v. Maricopa Cnty., 693 F.3d 896, 927. Therefore, Plaintiff's first amended complaint must be
27 "complete in itself without reference to the prior or superseded pleading." Local Rule 220.
28 Plaintiff's first amended complaint must be filed within thirty (30) days, and is subject to the

twenty-five (25) page limit set forth above.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order;

3. The second amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim</u>.

IT IS SO ORDERED.

Dated:   **March 29, 2022**

_____
UNITED STATES MAGISTRATE JUDGE

7