# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTHA FORD, | Case No. 1:22-cv-00159-JLT-BAK |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| KERN HIGH SCHOOL DISTRICT, et al., | (ECF No. 8) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.**

**INTRODUCTION**

Plaintiff Otha Ford ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On March 29, 2022, the Court screened Plaintiff's first amended complaint and granted thirty (30) days to file a second amended complaint. (ECF No. 7.) Currently before the Court is Plaintiff's second amended complaint, filed on April 25, 2022. (ECF No. 8.) For the reasons discussed herein, it is recommended that Plaintiff's complaint be dismissed for failure to state a cognizable claim.

**II.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court

determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## III.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff's second amended complaint names the following Defendants: (1) Kern High School (District); (2) Allen Paradise, Human Resources; (3) John Client, Director; (4) Matt Despot, Supervisor; and (5) Alfonso Valdez, Assistant Director. (Second Am. Compl. ("SAC") 1-5,[1] ECF No. 8.) Plaintiff claims federal question and diversity jurisdiction. (SAC at 5.) Plaintiff states she is suing Defendants for $10,000,000.00. (SAC at 2.) Plaintiff states the Defendants are defaming her name, discriminated against her, violated her rights in the workplace, and are "refusing" to let her work. (Id.) Plaintiff also avers to the tort of discrimination at the work place, harassment, and violation of her federal rights. (SAC at 3.)

Under relief, Plaintiff also avers to a request for punitive damages relating to an alleged back and left knee injury that she states was neglected, referencing dates of February 19, 2014 and September of 2021, a denial of workers' compensation, and a threat to kill Plaintiff. (SAC at 7.) Finally, another page attached avers to negligence, tort, no medical aid when Plaintiff fainted at work, no paramedics were called, and that "they" let Plaintiff drive home under her condition. (SAC at 8.)

## IV.

## DISCUSSION

A.  **Federal Rule of Civil Procedure 8**

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1  of the elements of a cause of action, supported by mere conclusory statements, do not suffice."
2  Iqbal, 556 U.S. at 678 (citation omitted).  This is because, while factual allegations are accepted
3  as true, legal conclusions are not.  Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S.
4  Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  Therefore, Plaintiff must set forth "sufficient
5  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Iqbal,
6  556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the
7  plaintiff pleads factual content that allows the court to draw the reasonable inference that the
8  defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550
9  U.S. at 556).

10  Most of Plaintiff's allegations are vague and conclusory statements alleging some form of
11  discrimination or back/leg injury related to her work.  As currently pled, Plaintiff's complaint
12  does not contain enough factual details to permit the Court to draw the reasonable inference that
13  any named Defendants are liable for any misconduct alleged.  Iqbal, 556 U.S. at 678.  Most
14  significantly, after naming the individual Defendants, Plaintiff does not state any specific actions
15  that any named Defendants took relating to the alleged discrimination or other misconduct.
16  Plaintiff does not mention any of the individual Defendants again after naming them as
17  Defendants.

18  For these reasons, Plaintiff's complaint does not comply with the requirements of Rule
19  8(a)(2).  The Court advised Plaintiff of this deficiency in granting leave to file amended
20  complaints, however, Plaintiff has repeatedly failed to cure such deficiencies.  (See ECF Nos. 5
21  at 4; 7 at 4.)

**B.  Federal Discrimination Law**

23  Under Title VII, an employer is prohibited from discriminating against any individual
24  because of the individual's race or color.  Cornwell v. Electra Cent. Credit Union, 439 F.3d
25  1019, 1028 (9th Cir. 2006).  To establish a prima facie case for Title VII discrimination, plaintiff
26  must show the following: (1) they are a member of a protected class; (2) they were qualified for
27  the position; (3) they suffered an adverse employment action; and (4) similarly situated
28  individuals outside her protected class were treated more favorably.  Fonseca v. Sysco Food

1 Services of Arizona, Inc., 374 F.3d 840, 847 (9th Cir. 2004).

2 Plaintiff's complaint contains insufficient facts and fails to state any cognizable claim.

### C. Allegations of Defamation, Negligence, and Wrongful Termination

Plaintiff avers to a claim for defamation. To bring a claim for defamation in a Section 1983 action, Plaintiff must meet the "stigma-plus," or "defamation-plus" standard.

"To establish a claim for defamation under Section 1983, a plaintiff must first establish defamation under state law." Flores v. City of Bakersfield, No. 1:17-CV-1393-JLT, 2019 WL 7038385, at *17 (E.D. Cal. Dec. 20, 2019) (citing Crowe v. County of San Diego, 242 F.Supp.2d 740, 746 (S.D. Cal. 2003)). Under California law, the elements of a defamation claim are: "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." Kaufman v. United Health Group Inc., 546 Fed. Appx. 691, 692 (9th Cir.2013) (quoting Taus v. Loftus, 40 Cal.4th 683, 54 Cal.Rptr.3d 775, 151 P.3d 1185, 1209 (Cal.2007)). To be actionable, an allegedly defamatory statement must, among other things, "contain a provably false factual connotation." Gilbrook v. City of Westminster, 177 F.3d 839, 861 (9th Cir.) (citation omitted). "Under California law, although a plaintiff need not plead the allegedly defamatory statement verbatim, the allegedly defamatory statement must be specifically identified, and the plaintiff must plead the substance of the statement. Jacobson v. Schwarzenegger, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004).

In a § 1983 action, injury to reputation alone is not enough to state a claim. "The procedural due process rights of the Fourteenth Amendment apply only when there is a deprivation of a constitutionally protected liberty or property interest." WMX Techs., Inc. v. Miller ("WMX II"), 197 F.3d 367, 373 (9th Cir. 1999). The Supreme Court has made it clear that reputation alone is not an interest protected by the Constitution. WMX II, 197 F.3d at 373; see Paul v. Davis, 424 U.S. 693, 706 (1976) ("the Court has never held that the mere defamation of an individual, whether by branding him disloyal or otherwise, was sufficient to invoke the guarantees of procedural due process absent an accompanying loss of government employment"). "[R]eputational harm alone does not suffice for a constitutional claim." Miller v. California, 355 F.3d 1172, 1178 (9th Cir. 2004). Absent a change in status, "any harm or

5

1  injury to that interest . . . inflicted by an officer of the State, does not result in a deprivation of
2  any 'liberty' or 'property' recognized by state or federal law." Paul, 424 U.S at 712.  Plaintiff
3  must demonstrate the loss of a recognizable property or liberty interest in conjunction with the
4  allegation that they suffered injury to reputation.  Miller, 355 F.3d at 1179; Cooper v. Dupnik,
5  924 F.2d 1520, 1532 (9th Cir. 1991), rev'd on other grounds, 963 F.2d 1220, 1235 n.6 (9th Cir.
6  1992)).  A plaintiff can meet this test by showing that "injury to reputation was inflicted in
7  connection with a federally protected right" or that "injury to reputation caused the denial of a
8  federally protected right."  Herb Hallman Chevrolet, Inc. v. Nash–Holmes, 169 F.3d 636, 645
9  (9th Cir. 1999); Cooper, 924 F.2d at 1532-33.  This is referred to both as a "defamation-plus" or
10 "stigma-plus" claim.  See, e.g., Flores, 2019 WL 7038385, at *17.

11     Plaintiff has not put forth factual allegations that his reputation was injured in connection
12 with a federally protected right or that the damage caused him to be denied a federally protected
13 right.  Even if Plaintiff could not meet the defamation-plus standard but *was* able to demonstrate
14 defamation under California law, the Court would also decline to exercise supplemental
15 jurisdiction over such state claim because Plaintiff failed to state a separate cognizable federal
16 claim, as explained above.  See Ward v. Webber, No. 118CV00916SABPC, 2018 WL 3615853,
17 at *3 (E.D. Cal. July 26, 2018) ("Because Plaintiff fails to state a cognizable federal claim, the
18 Court will not exercise supplemental jurisdiction over his state law [slander] claim, even if he
19 cures the deficiencies and states a claim.") (citing 28 U.S.C. § 1367(a); Herman Family
20 Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001)).

21     Similarly, to the extent Plaintiff is making a claim for wrongful termination, or alleging
22 negligence relating to fainting at work or some other injury at work, the Court would decline to
23 exercise supplemental jurisdiction over the state law claims.

## V.

## CONCLUSION AND RECOMMENDATION

26 The Court finds Plaintiff has failed to state a cognizable claim for a violation of their
27 federal rights in this action.

28     Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's second

amended complaint filed April 25, 2022 (ECF No. 8), be DISMISSED for failure to state a cognizable claim.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 5, 2022**

UNITED STATES MAGISTRATE JUDGE